THOMAS J. HOWELL *against* SAMUEL H. WEBB.

ERROR *to Pulaski Circuit Court.*

Upon mere abstract propositions of a law, a court is not bound to instruct the jury; and if instructions asked for are irrelevant, they should be refused.

Where the plaintiff and defendant had rented a house by parol agreement as co-tenants, and after the rent had become due, the defendant executed to the landlord his individual bond for the whole rent, the execution and delivery of the bond operated by law as an extinguishment of the *joint* liability of the plaintiff and defendant, and the plaintiff was forever discharged from all liability on his parol contract.

And the giving such bond was a payment of the rent, and raised a legal liability on the part of the plaintiff to refund his portion, which was good matter. for a plea of set-off; if the plaintiff agreed to the change, either expressly, or by tacit acquiescence. '

And when this matter is pleaded as set-off, if the record fails to show that the original renting was by contract in writing, it will be presumed, against the plaintiff, to have been merely by parol.

To authorize a new trial, upon the ground that the verdict was contrary to evidence, it must have been clearly against the weight of evidence ; so that on first blush it should shock our sense of justice and right.

This was an action of debt brought by *Howell* against *Webb.* The defendant pleaded set-off, for money due for the rent and occupation of a certain house and lot. Upon replication and issue to this plea, the evidence in the case was, briefly, that the parties had been partners as druggists and physicians, and while partners had jointly rented a house and lot; whether by contract in writing, or by parol, did not appear by the record: that after some time the landlord became dissatisfied, and unwilling to rest upon Howell's responsibility for the rent, and upon that Webb gave his individual bond for the amount: half of which amount he claimed as a set-off against Howell. Howell never objected to this arrangement, but on the contrary, afterwards said that he was willing to pay his part of the rent, if he could pay it in Webb's own paper. Other evidence was offered and excluded, which it is unnecessary to notice.

Upon this state of evidence the plaintiff asked for several instructions, all substantially to the effect, that the evidence showed Webb and Howell to have been co-tenants or tenants in common, or partners, in renting the house, and that consequently the rent was no ground for a plea of set-off, being a partnership matter which one

partner could not set-off against a bond given by him to the other. These instructions were refused, and the defendant had judgment for the half of the the rent, deducting the amount of the bond sued on.

ABSENT, DICKINSON, J.

FOWLER, for plaintiffs in error:

The evidence, although not of the clearest and most conclusive character, yet goes strongly to prove, and according to the view of counsel does prove, that Howell and Webb were joint tenants in the use and occupation of the house, nearly the whole period for which Webb claimed rent of Howell, and that they had jointly rented the house and lot of a third person. It also appears that Webb had paid a small portion of the rent to this third person, and had executed his bond for the residue; and that after Webb left the house, Howell remained in it a short time alone.

Each of the instructions, with the exception perhaps of the first, was properly moved, and should have been given by the court to the jury; and the refusal to give any of them is a sufficient cause for reversal of the judgment. It is admitted to be true, that no court is bound to give instructions on abstract principles of law, which the evidence does not show applicable to the case; but the converse is equally undeniable, that whenever a legal instruction is moved, which is warranted by the evidence, the court is bound to give it, and to refuse is error.

And it is not necessary that such a state of facts should positively appear, as to show that the principle of law is absolutely involved, in order to make it incumbent on the court to instruct. For instance, it is not required by law that the joint tenancy of Webb and Howell should be conclvsively proved before it becomes the duty of the court to instruct whether one of them could or could not maintain an action at law against the other; but whenever any testimony is given, which conduces to prove such joint-tenancy, such evidence as from which a jury might rationally infer such joint-tenancy—the court is bound to give any instruction asked for, which is at all applicable to the facts. The jury are the exclusive judges of the facts, and must draw their

Howell *against* Webb.

own inferences from the testimony, and the court must instruct them in the law.

Did the court below do it? The record in this case, and the following authorities will respond. 1 *Chit. Plead.* 25 *et seq.*; 2 *T. R.* 478, 482; 3 *Bibb's Rep.* 93, *Carlyle & Offat vs. Patterson*; 3 *Bac. Abr.* 188, 192, 193, *et seq.* 219; 18 *J. R.* 245; 14 *J. R.* 318.

AsHLEY & WATKINS, *Contra:*

How did the court below err in overruling the instructions moved for by the plaintiff? That they are chiefly antiquated *doctrines* of the English law, see the changes which have been wisely made on this subject by our Revised Statutes, *title Rent,* and *Use,* and *Occupation,* under head of *Landlord* and *Tenant p.* 520. The drift of the evidence shows fully that Webb and Howell were not co-tenants, or tenants in common, but they occupied separate and distinct portions of the premises, and the court will find upon examination of the several instructions, that the whole sum and substance of them *is,* that one joint-tenant, or tenant in common, or partner, cannot sue his co-tenant or partner *at law.* We answer that by our Revised Statutes, the duty of setting up matter of off-set is *imperative* upon the party claiming the off-set, and that it is intended broadly to be an equitable proceeding. *Rev. Stat.* 126.

But supposing that the court below erred in overruling the instructions moved for by the plaintiff, this court will not award a new trial, where there is good reason to think that the party could not have been injured by the Judges's mistake. *De Peyster vs. The Columbian Insurance Company,* 2 *Caines Rep. p.* 85; *Edmonson vs. Machall,* 2 *T. R.* 4.

LACY, *Judge,* delivered the opinion of the court:

Before we proceed to examine the instructions, we must ascertain whether or not the proof shows a joint tenancy, or tenancy in common, or whether or not it establishes a partnership; for if it tends to establish none of these facts then we can look upon the instructions refused in no other light than as mere abstract propositions, which, whether right or wrong, were rightfully overruled by the court below.

The object of instructions is to inform the jury upon some point either of law or evidence that is applicable to the case upon trial, and to guide and govern their verdict. Upon mere abstract propositions, a court is not bound to instruct the jury. If the instructions asked for be irrelevant, they should be refused, as tending to mislead instead of to enlighten the minds of the jury; and to encumber the record with foreign and useless matter that distracts and obscures the issue to be tried.

The proof, in the present case, as spread out in the bill of exceptions, is meagre and every way unsatisfactory. It does not define with accuracy or precision how, or in what manner the parties rented the premises, or whether they were jointly seized or not, neither do we think that inquiry a matter of any moment in deciding the question now before this court. The testimony itself, when taken separately, and considered in connection with the whole transaction, conclusively shows that the contract between the landlord and his co-tenants for the rent was a parol agreement. For the record fails to state that it was a written acknowledgment of the parties under seal, or to produce it to the court, so that it could be seen what kind of instrument it was. And even if it were doubtful whether it was a parol agreement, or one under seal; still the presumptions in favor of the verdict would amount to full proof on the point, and clearly demonstrate the facts to be as we have before stated them. It being a parol agreement, and not a contract under seal, the moment the defendant, Webb, executed his deed to the landlord for the rent, and it was delivered to, and accepted by him for that purpose, that instant it operated by intendment of law, as a merger or extinguishment of the joint liabilities of the co-tenants for the rent, and the plaintiff in the action was for ever discharged from all responsibility upon his parol promise or original undertaking. This principle is too familiar and self evident to require either argument or authority to support or illustrate it. It rests upon the known and universally admitted rule that the higher grade or dignity of instruments completely supercedes and destroys a less or subordinate one; because it furnishes the best and most conclusive evidence of the intention and rights of the parties; and consequently the inferior remedy is held to be merged or extinguished in the superior obligation. The execution

of Webb's deed under seal, was not only an extinguishment of the parol promise of himself and his co-tenants, but it was a payment of the rent, and it thereby raised a legal liability on the part of his co-lessee to refund or pay his portion of the rent to the defendant, upon which an action at law or a plea of set-off would lie, provided it was shown upon the trial, that the plaintiff had agreed to the change of the contract, either by express promise, or by tacit acquiescence. In the present case, the plaintiff, so far as appears from the record, consented to the change of the contract: first, by acquiescing in it, or not objecting to it; and secondly, by expressly admitting that he was willing to pay the rent in the defendant's own paper. Here then is an express promise or undertaking to pay the defendant the rent; and of course the jury were fully warranted in their finding. Granting however that the evidence was uncertain on this point, (which is by no means conceded,) still this court would not be authorized in setting aside a verdict and awarding a new trial, merely on the ground that the jury had found contrary to the preponderance of the testimony. To authorize a new trial, the verdict must have been against the weight of evidence: so much so that on the first blush of it, it should shock our sense of justice and right. In regard to the questions of joint tenancy, or tenancy in common, or of partners in trade, we would barely remark, that they do not enter into or constitute any part of the inquiry now before this court; for in no reasonable aspect of the case, do they, in the most remote degree, affect the consideration of the express contract of the plaintiff to pay to the defendant the rent. The defendant's right of action accrued on his paying, by his deed, all the rent for the premises, and upon the plaintiff's promise to to account to him for the same. Both of these facts are unquestionably established by the record; and they carry with them the legal inference of the plaintiff's liability. If this position be true, then it necessarily follows that all the instructions asked for by the plaintiff were mere naked abstract propositions, having no connection with or bearing on the evidence adduced; and consequently there is no error in the proceedings; and the judgment of the court below must be affirmed with costs.